IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:03-CR-00092-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KEITHON DERNARD SOUTHERLAND, ) | |
| Defendant-Petitioner. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-29] Keithon Dernard Southerland's pending Motion to Vacate Under 28 U.S.C. § 1651(a) [DE-27]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, and Southerland's Motion to Vacate is DENIED.

### I. Factual and Procedural Background

On September 24, 2003, Southerland was charged in a one-count indictment with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Southerland's arraignment, held on December 8, 2003, he entered a guilty plea pursuant to a written plea agreement [DE-12] with the Government.

Southerland's sentencing was held on March 15, 2004, and he was sentenced to 30 months' imprisonment. *See* Judgment [DE-13]. Southerland did not appeal his conviction or sentence.

On June 14, 2006, a motion for revocation of supervised release [DE-16] was filed against Southerland. On September 8, 2006, the court granted the motion, revoked Southerland's

supervised release, and sentenced him to 14 months' imprisonment. *See* Amended Judgment [DE-25]. Southerland was released from custody on July 7, 2007.

On March 29, 2010, Southerland pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See United States v. Southerland*, No. 7:09-CR-68-FL-1 ("Second Criminal Docket"). On August 16, 2010, Judge Flanagan sentenced Southerland to 105 months' imprisonment. Second Criminal Docket, Judgment [DE-51]. Southerland remains in custody on this offense. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc/ (last visited November 3, 2015).

Southerland filed a Notice of Appeal [DE-52] on August 29, 2010. In an unpublished opinion [DE-66], the Fourth Circuit Court of Appeals affirmed the judgment of the district court.

On July 11, 2012, Southerland sought to challenge his 2010 conviction based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), through a motion filed pursuant to 28 U.S.C. § 2255 [DE-70]. Judge Flanagan dismissed Southerland's § 2255 motion on April 3, 2013. *See* Second Criminal Docket, April 3, 2013 Order [DE-76]. On February 20, 2014, Judge Flanagan denied Southerland's Motion to Reconsider [DE-78].

On April 29, 2014, Southerland filed the instant Motion to Vacate Under 28 U.S.C. § 1651(a) [DE-27], arguing that this court should issue its writ of error coram nobis to vacate his sentence and conviction and dismiss the indictment because, in light of *Simmons*, he is innocent of the federal crime of being a felon in possession of a firearm in violation of § 922(g)(1). The Government filed a Motion to Dismiss [DE-29] on August 14, 2014, arguing that Southerland's Motion to Vacate should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mem. Supp. Mot. Dismiss [DE-30] at 3. The Government acknowledges that,

2

following *Simmons*, Southerland did not have a conviction for a crime punishable by imprisonment for a term exceeding one year at the time he was convicted of his 2003 § 922(g)(1) offense. *Id.* at 4 n.2.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

**Southerland has not satisfied the four essential prerequisites to succeeding on a coram nobis petition.**

3

To succeed on a coram nobis petition, a petitioner must satisfy four "essential prerequisites":

> First, a more usual remedy (such as habeas corpus) must be unavailable; second, there must be a valid basis for the petitioner having not earlier attacked his convictions; third, the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement; and finally, the error that is shown must be "of the most fundamental character." *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012).

*Bereano v. United States*, 706 F.3d 568, 576 (4th Cir. 2013).

Initially, Southerland has not offered a valid reason why he failed to file his motion until more than two years following the issuance of *Simmons*. *See Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012) (noting that the rare remedy of coram nobis is only appropriate "where 'sound reasons' exist for failing to seek relief earlier") (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)).[1] Southerland has not alleged that his failure to act sooner was based on some kind of erroneous reliance on his attorney's advice, as in *Akinsade*. Moreover, the fact that the law in this area was unsettled does not justify Southerland's delay in filing his motion. *See Mendoza*, 690 F.3d at 160 ("That the law is unsettled does not justify a delay in filing a coram nobis petition.")

Southerland's motion must also fail because he has neither alleged nor demonstrated consequences arising from his conviction that are adverse enough to satisfy Article III's case or controversy requirement. The court notes that Southerland has not offered any consequences he

---

[1] The Fourth Circuit Court of Appeals held that a petitioner satisfied the second requirement when he filed a coram nobis motion within ten months after the issuance of the opinion on which he based his motion. *See Bereano*, 706 F.3d at 576 n.9.

4

has suffered as a result of his first § 922(g)(1) conviction.[2] Even if Southerland's instant conviction were vacated, the second § 922(g)(1) felony conviction would remain because, as Judge Flanagan ruled, the second § 922(g)(1) conviction remains in place even after *Simmons*. *See* Second Criminal Docket, April 3, 2013 Order [DE-76], February 20, 2014 Order [DE-82]. Consequently, Southerland's civil rights would still be impacted even if the first conviction is vacated.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-29] is ALLOWED, and Southerland's Motion to Vacate Under § 1651(a) [DE-27] is DENIED.

SO ORDERED.

This the  3  day of November, 2015.

                                    James C. Fox
                                    Senior United States District Judge

---

[2] In *Bereano*, the petitioner offered his disbarment from the practice of law as a collateral consequence. 706 F.3d at 576. In *Akinsade*, the court noted that the risk of deportation was an adverse consequence of conviction sufficient to meet the case or controversy requirement contained in Article III. 686 F.3d at 252.

5